Rumela Roy (CA Bar No. 319692)
Earthjustice
1125 17th Street, Suite 1010
Denver, CO 80202
303-996-9623 Telephone
rroy@earthjustice.org

Andrea A. Treece (CA Bar No. 237639)
Earthjustice
180 Steuart St. #194330
San Francisco, CA 94105
415-217-2000 Telephone
atreece@earthjustice.org

*Counsel for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OCEANA, INC.,<br><br>   *Plaintiff*,<br><br>v.<br><br>NATIONAL MARINE FISHERIES SERVICE,<br><br>   *Defendant*. | Case No. 2:24-cv-10929-JLS-PD<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT'S STATEMENT OF GENUINE DISPUTES**<br><br>Date:  Sept. 26, 2025<br>Time:  10:30 a.m.<br>Location: Courtroom 8A<br>Judge:  Hon. Josephine L. Stanton |

| SUF No. | Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|---|
| 1. | Fish caught as bycatch often die or are so seriously injured that they cannot reproduce.<br><br>NMFS, *Understanding Bycatch* 1–2, https://www.fisheries.noaa.gov/insight/understanding-bycatch (Declaration of Andrea A. Treece (Treece Decl.) Ex. 1). | This is not a material fact as to which there exists a genuine dispute necessary to be litigated in this FOIA case. L.R. 56-2. |
| 1. Plaintiff's Response:<br><br>This is a material fact because it is relevant to the purpose of the MSA to conserve public marine resources and manage fisheries in U.S. waters, and to the purpose of policy of the MSA to ensure meaningful public participation in fisheries conservation and management. 16 U.S.C. § 1801(b)(1), (b)(5), (c)(3); *id.* § 1802(11). Oceana sought the records at issue in this case to be able to meaningfully participate in fisheries conservation and management. Brock Decl. ¶¶ 5–8, 14, ECF No. 28-15.<br><br>The purpose and policy of the MSA are relevant to the question of whether the records at issue in this case fall within the scope of information specifically prohibited from release under the MSA. 5 U.S.C. § 552(b)(3) (FOIA Exemption 3 authorizes an agency to withhold requested records only if another statute specifically prohibits its disclosure). | | |
| 2. | Bycatch contributes to overfishing, slows efforts to rebuild overfished fish stocks, and removes species that are important to the functioning of marine ecosystems, like top predators and forage species.<br><br>*Understanding Bycatch* 1–2, NMFS, https://www.fisheries.noaa.gov/insight/understanding-bycatch (Treece Decl. Ex. 1). | This is not a material fact as to which there exists a genuine dispute necessary to be litigated in this FOIA case. L.R. 56-2. |

2. Plaintiff's Response:

This is a material fact because it is relevant to the purpose of the MSA to conserve public marine resources and manage fisheries in U.S. waters, and to the purpose of policy of the MSA to ensure meaningful public participation in fisheries conservation and management. 16 U.S.C. § 1801(b)(1), (b)(5), (c)(3); *id.* § 1802(11). Oceana sought the records at issue in this case to be able to meaningfully participate in fisheries conservation and management. Brock Decl. ¶¶ 5–8, 14.

The purpose and policy of the MSA are relevant to the question of whether the records at issue in this case fall within the scope of information specifically prohibited from release under the MSA. 5 U.S.C. § 552(b)(3) (FOIA Exemption 3 authorizes an agency to withhold requested records only if another statute specifically prohibits its disclosure).

| 3. | A 2020 study found that 77% of the California halibut trawl fishery's catch (by weight) was discarded fish and invertebrates.<br><br>Matthew S. Savoca et al., *Comprehensive bycatch assessment in US fisheries for prioritizing management*, 3 Nature Sustainability 472, 473 (Mar. 30, 2020), https://doi.org/10.1038/s41893-020-0506-9 (Treece Decl. Ex. 2). | This is not a material fact as to which there exists a genuine dispute necessary to be litigated in this FOIA case. L.R. 56-2. |
|---|---|---|

3. Plaintiff's Response:

This is a material fact because it is relevant to the purpose of the MSA to conserve public marine resources and manage fisheries in U.S. waters, and to the purpose of policy of the MSA to ensure meaningful public participation in fisheries conservation and management. 16 U.S.C. § 1801(b)(1), (b)(5), (c)(3); *id.* § 1802(11). Oceana sought the records at issue in this case to be able to meaningfully participate in fisheries conservation and management. Brock Decl. ¶¶ 5–8, 14.

The purpose and policy of the MSA are relevant to the question of whether the records at issue in this case fall within the scope of information specifically prohibited from release under the MSA. 5 U.S.C. § 552(b)(3) (FOIA Exemption 3 authorizes an agency to withhold requested records only if another statute specifically prohibits its disclosure).

| | | |
|---|---|---|
| 4. | A 2019 federal government report evaluating West Coast fisheries notes "[t]he California Halibut Trawl Fishery had the highest fishery bycatch ratios at 0.76 in 2014 and 0.71 in 2015," meaning that bycatch comprised 76% of the fishery's catch in 2014 and 71% in 2015," meaning that bycatch comprised 76% of the fishery's catch in 2014 and 71% in 2015.<br><br>Lee R. Benaka et al., *U.S. National Bycatch Report First Edition Update 3*, at 54, NOAA Tech. Mem. NMFS-F/SPO-190 (Feb. 2019), https://media.fisheries.noaa.gov/dam-migration/nbr_update_3.pdf (Treece Decl. Ex. 3). | This is not a material fact as to which there exists a genuine dispute necessary to be litigated in this FOIA case. L.R. 56-2. |

4. Plaintiff's Response:

This is a material fact because it is relevant to the purpose of the MSA to conserve public marine resources and manage fisheries in U.S. waters, and to the purpose of policy of the MSA to ensure meaningful public participation in fisheries conservation and management. 16 U.S.C. § 1801(b)(1), (b)(5), (c)(3); *id.* § 1802(11). Oceana sought the records at issue in this case to be able to meaningfully participate in fisheries conservation and management. Brock Decl. ¶¶ 5–8, 14.

The purpose and policy of the MSA are relevant to the question of whether the records at issue in this case fall within the scope of information specifically prohibited from release under the MSA. 5 U.S.C. § 552(b)(3) (FOIA Exemption 3 authorizes an agency to withhold requested records only if another statute specifically prohibits its disclosure).

| | | |
|---|---|---|
| 5. | The California trawl halibut fishery most frequently catches species such as the Dungeness crab, bat ray, and big skate.<br><br>Christopher M. Free, *Assessment of associated landed species and bycatch discards in the California halibut gill net and trawl fisheries* 13, Bren Sch. of Env't Sci. & Mgmt. (2022), https://nrm.dfg.ca.gov/FileHandler.ashx?DocumentID=206229&inline (Treece Decl. Ex. 4). | This is not a material fact as to which there exists a genuine dispute necessary to be litigated in this FOIA case. L.R. 56-2. |

3

5. Plaintiff's Response:

This is a material fact because it is relevant to the purpose of the MSA to conserve public marine resources and manage fisheries in U.S. waters, and to the purpose of policy of the MSA to ensure meaningful public participation in fisheries conservation and management. 16 U.S.C. § 1801(b)(1), (b)(5), (c)(3); *id.* § 1802(11). Oceana sought the records at issue in this case to be able to meaningfully participate in fisheries conservation and management. Brock Decl. ¶¶ 5–8, 14.

The purpose and policy of the MSA are relevant to the question of whether the records at issue in this case fall within the scope of information specifically prohibited from release under the MSA. 5 U.S.C. § 552(b)(3) (FOIA Exemption 3 authorizes an agency to withhold requested records only if another statute specifically prohibits its disclosure).

| 6. | The California halibut trawl fishery catches species listed under the ESA, such as the green sturgeon, and other sensitive species, such as the giant sea bass.<br><br>Kirsten Ramey, *Evaluation of Bycatch in the California Halibut Fishery* 6–8, Cal. Dep't of Fish & Wildlife (Nov. 17, 2022) (Treece Decl. Ex. 5). | This is not a material fact as to which there exists a genuine dispute necessary to be litigated in this FOIA case. L.R. 56-2. |

6. Plaintiff's Response:

This is a material fact because it is relevant to the question of whether the records at issue in this case regarding the ESA-listed green sturgeon are specifically prohibited from release under the ESA. 5 U.S.C. § 552(b)(3) (FOIA Exemption 3 authorizes an agency to withhold requested records only if another statute specifically prohibits its disclosure).

In addition, this is a material fact because it is relevant to the purpose of the MSA to conserve public marine resources and manage fisheries in U.S. waters, and to the purpose of policy of the MSA to ensure meaningful public participation in fisheries conservation and management. 16 U.S.C. § 1801(b)(1), (b)(5), (c)(3); *id.* § 1802(11). Oceana sought the records at issue in this case to be able to meaningfully participate in fisheries conservation and management. Brock Decl. ¶¶ 5–8, 14.

| | | | |
|---|---|---|---|
| | | The purpose and policy of the MSA are relevant to the question of whether the records at issue in this case fall within the scope of information specifically prohibited from release under the MSA. 5 U.S.C. § 552(b)(3) (FOIA Exemption 3 authorizes an agency to withhold requested records only if another statute specifically prohibits its disclosure). | |
| | 7. | The California Department of Fish and Wildlife, which is responsible for managing the California halibut fishery, recognizes reducing bycatch in the trawl fishery as a "high priority" management need.<br><br>Christopher M. Free, *Assessment of associated landed species and bycatch discards in the California halibut gill net and trawl fisheries* 5, Bren Sch. of Env't Sci. & Mgmt. (2022), https://nrm.dfg.ca.gov/FileHandler.ashx?DocumentID=206229&inline) (Treece Decl. Ex. 4). | This is not a material fact as to which there exists a genuine dispute necessary to be litigated in this FOIA case. L.R. 56-2. |
| | 7. Plaintiff's Response:<br><br>This is a material fact because it is relevant to the purpose of the MSA to conserve public marine resources and manage fisheries in U.S. waters, and to the purpose of policy of the MSA to ensure meaningful public participation in fisheries conservation and management. 16 U.S.C. § 1801(b)(1), (b)(5), (c)(3); *id.* § 1802(11). Oceana sought the records at issue in this case to be able to meaningfully participate in fisheries conservation and management. Brock Decl. ¶¶ 5–8, 14.<br><br>The purpose and policy of the MSA are relevant to the question of whether the records at issue in this case fall within the scope of information specifically prohibited from release under the MSA. 5 U.S.C. § 552(b)(3) (FOIA Exemption 3 authorizes an agency to withhold requested records only if another statute specifically prohibits its disclosure). | | |
| | 8. | Oceana has used observer information extensively to analyze fishing impacts and propose conservation measures for the California halibut trawl fishery and others, as well as to educate the public.<br><br>Declaration of Tara Brock (Brock Decl.) ¶¶ 5–8, 14, Exs. 3–4, 11–13. | This is not a material fact as to which there exists a genuine dispute necessary to be litigated in this |

5

| | | | |
|---|---|---|---|
| 1 | | | FOIA case. L.R. 56-2. |
| 2 | 8. Plaintiff's Response: | | |
| 3-6 | This is a material fact because it is relevant to the purpose of the MSA to conserve public marine resources and manage fisheries in U.S. waters, and to the purpose of policy of the MSA to ensure meaningful public participation in fisheries conservation and management. 16 U.S.C. § 1801(b)(1), (b)(5), (c)(3); *id.* § 1802(11). Oceana sought the records at issue in this case to be able to meaningfully participate in fisheries conservation and management. Brock Decl. ¶¶ 5–8, 14. | | |
| 7-9 | The purpose and policy of the MSA are relevant to the question of whether the records at issue in this case fall within the scope of information specifically prohibited from release under the MSA. 5 U.S.C. § 552(b)(3) (FOIA Exemption 3 authorizes an agency to withhold requested records only if another statute specifically prohibits its disclosure). | | |
| 10-18 | 9. | The photos and videos of bycatch that observers take provide specific details regarding fishing practices and the gear involved, circumstances surrounding bycatch, the nature and severity of the bycatch, and more—details that are critical for identifying or confirming the species caught as bycatch, analyzing fisheries' effects on fish and wildlife, developing measures to support conservation and recovery, and providing the public with necessary information to understand fisheries' impacts on public resources and protected species.<br><br>NMFS, *West Coast Groundfish Fishery Observer Program: 2024 Manual* 1-16, 3-55 to -58, 3-67 to -68, 4-82 (2024), https://repository.library.noaa.gov/view/noaa/56475 (Treece Decl. Ex. 6; Brock Decl. ¶ 14). | This is not a material fact as to which there exists a genuine dispute necessary to be litigated in this FOIA case. L.R. 56-2. |
| 19 | 9. Plaintiff's Response: | | |
| 20-21 | This is a material fact because it is relevant to the purpose of the MSA to conserve public marine resources and manage fisheries in U.S. waters, and to the purpose of policy of the MSA to ensure meaningful public participation in | | |

fisheries conservation and management. 16 U.S.C. § 1801(b)(1), (b)(5), (c)(3); *id.* § 1802(11). Oceana sought the records at issue in this case to be able to meaningfully participate in fisheries conservation and management. Brock Decl. ¶¶ 5–8, 14.

The purpose and policy of the MSA are relevant to the question of whether the records at issue in this case fall within the scope of information specifically prohibited from release under the MSA. 5 U.S.C. § 552(b)(3) (FOIA Exemption 3 authorizes an agency to withhold requested records only if another statute specifically prohibits its disclosure).

| 10. | NMFS has released photos of non-marine mammal animals in response to past FOIA requests.<br><br>*Observer Requests*, NMFS, https://www.noaa.gov/organization/information-technology/foia-reading-room/observer-requests (Treece Decl. Ex. 7);<br>*Angulatus Tanner Crab Redacted*, NMFS (Apr. 2024), https://www.noaa.gov/sites/default/files/2024-04/8_Angulatus_Tanner_Crab_Redacted.pdf (Treece Decl. Ex. 8; Brock Decl. ¶¶ 10–13, Exs. 6–10). | Undisputed that NMFS has released photographs when taken by observers deployed under the Marine Mammal Protection Act.<br><br>McVeigh Decl. ¶ 28. |

10. Plaintiff's Response:

In addition to releasing photographs of marine mammal bycatch, NMFS has released photos of fish and wildlife bycatch, which is relevant to the question of whether the records at issue in this case are confidential under the MSA and other applicable law. Brock Decl. ¶¶ 9–13, Exs. 5–10; McVeigh Decl. Attach. 3; Treece Decl. Exs. 7–8; 2nd Brock Decl. ¶¶ 2–3, 5–6, Exs. 1–2, 4–5. NMFS has previously released photos collected by observers deployed under the MSA. 2nd Brock Decl. ¶ 4, Ex. 3. NMFS has cited the MSA in its FOIA response letters releasing photos of fish and wildlife bycatch. *Id.* ¶¶ 3, 5, Exs. 1–2, 4. An observer deployed on a given vessel collects a variety of information on the fishery generally, to support the conservation and management of species under the MSA, MMPA, ESA, and other applicable laws. *Id.* ¶¶ 7–10, Exs. 6–8.

| 11. | On June 22, 2022, Oceana submitted a FOIA request to NMFS, seeking photos and videos from (1) the West Coast Groundfish Observer Program for the | Undisputed. |

7

| | | |
|---|---|---|
| | | California Halibut trawl sector (including all Limited Entry and Open Access) from 2000 until the present, and (2) California Set Gillnet Observer Program from 2000 until the present.<br><br>Declaration of Jon McVeigh (McVeigh Decl.) Attach. 1, ECF No. 25-2. | |
| 12. | For the California Halibut trawl sector, Oceana requested up to 10 photos and/or videos per species of the elephant seal, harbor porpoise, Brandt's cormorant, green sturgeon, giant sea bass, Dungeness crab, soupfin shark, bat ray, big skate, cowcod rockfish, yelloweye rockfish, tow with high amount of jellyfish catch, and aggregate catch on the deck of California halibut bottom trawl vessels.<br><br>McVeigh Decl. Attach. 1. | Undisputed. |
| 13. | For the California Set Gillnet Observer Program, Oceana requested up to 10 photos and/or videos per species of the long-beaked dolphin, giant sea bass, great white sharks, California sea lions, gray whale, humpback whale, common murre, soupfish shark, California skate, Chinook salmon, spiny lobster, and aggregate catch on the deck of a set gillnet vessel.<br><br>McVeigh Decl. Attach. 1. | Undisputed. |
| 14. | Oceana also requested up to 20 photos and/or videos of any sea turtle species observed or caught in the California halibut trawl fishery and California set gillnet fishery from 1990 to date.<br><br>McVeigh Decl. Attach. 1. | Undisputed. |
| 15. | Oceana requested the photos and videos at the highest resolution available that show the species, whether by themselves or mixed with other catch, in trawl nets, on the deck of the fishing vessel, or in observer sampling baskets. | Undisputed. |

8

| # | | | |
|---|---|---|---|
| 1 | | McVeigh Decl. Attach. 1. | |
| 2 | 16. | For each image and video, Oceana requested an identification of the date, species, whether the animal was kept or discarded, and whether it was dead, alive, or injured, at the finest-scale spatial location known. If this information was not known or unavailable, Oceana requested that each record include any available information.<br><br>McVeigh Decl. Attach. 1. | Undisputed. |
| 7 | 17. | In September 2022, Oceana agreed to limit the scope of the record search for the FOIA request from June 22, 2007, to June 22, 2022, per NMFS's request.<br><br>McVeigh Decl. Attach. 2. | Undisputed. |
| 10 | 18. | On October 6, 2022, NMFS informed Oceana that it would not release any records related to the California halibut trawl fishery. The agency claimed that the California halibut trawl fishery "is observed by Magnuson Stevens Act (MSA) observers … [and] Section 402(b)(2) of the MSA states that 'any observer information shall be confidential and shall not be disclosed.'"<br><br>McVeigh Decl. Attach. 3. | Undisputed. |
| 16 | 19. | Subsequently, Oceana requested to meet NMFS staff and NOAA General Counsel to discuss the withholding and clarify the agency's position because NMFS had previously released photos taken by MSA observers. During a November 15, 2022 meeting, NOAA General Counsel acknowledged that NMFS had the discretion to release the requested records but stated the agency was opting not to do so in this instance.<br><br>Brock Decl. ¶ 3, Ex. 1. | This is not a material fact as to which there exists a genuine dispute necessary to be litigated in this FOIA case. L.R. 56-2. |

| | | |
|---|---|---|
| 19. Plaintiff's Response:<br><br>This is a material fact because it is relevant to the question of whether the records at issue in this case are specifically prohibited from release under the MSA. 5 U.S.C. § 552(b)(3) (FOIA Exemption 3 authorizes an agency to withhold requested records only if another statute specifically prohibits its disclosure). | | |
| 20. | In a November 29, 2022 email to Oceana, NMFS staff reiterated that "[i]t is the agency's decision, per the agency discretion provided under the [MSA], to withhold the photos taken by [MSA] observers as described in FOIA Request 2022-001919."<br><br>Brock Decl. Ex. 2. | This is not a material fact as to which there exists a genuine dispute necessary to be litigated in this FOIA case. L.R. 56-2. |
| 20. Plaintiff's Response:<br><br>This is a material fact because it is relevant to the question of whether the records at issue in this case are specifically prohibited from release under the MSA. 5 U.S.C. § 552(b)(3) (FOIA Exemption 3 authorizes an agency to withhold requested records only if another statute specifically prohibits its disclosure). | | |
| 21. | On January 10, 2023, NMFS sent a final response to Oceana, in which it stated "[t]he 77 records responsive to this request . . . are being withheld under 5 U.S.C. § 552 (b)(3), which prohibits the disclosure of records that are protected by federal statutes other than U.S.C. § 552(b), and under the confidentiality provisions of the [MSA][]."<br><br>McVeigh Decl. Attach. 5. | Undisputed. |
| 22. | On April 10, 2023, Oceana timely administratively appealed NMFS's determination.<br><br>McVeigh Decl. Attach. 6. | Undisputed. |
| 23. | The Department of Commerce has not issued a determination on Oceana's appeal. | Undisputed. |

10

| | | |
|---|---|---|
| | McVeigh Decl. ¶ 35. | |
| 24. | Since at least 1987, NMFS has defined "aggregate or summary form" as "confidential data structured in such a way that the identity of the submitter cannot be determined either from the present release of the data or in combination with other releases."<br><br>52 Fed. Reg. 26685, 26686 (July 16, 1987); NOAA Administrative Order 216-100 § 3.02 (issued July 26, 1994); 61 Fed. Reg. 32538, 32541 (June 24, 1996); 50 C.F.R. § 600.10 (definition effective from June 24, 1996, to Jan. 16, 2025). | This is not a material fact as to which there exists a genuine dispute necessary to be litigated in this FOIA case, but simply Plaintiff's statement of law. L.R. 56-2. |

24. Plaintiff's Response:

This is a material fact because the longstanding nature of NMFS's interpretation of its MSA confidentiality obligations is relevant to the question of whether the records at issue in this case are specifically prohibited from release under the MSA. 5 U.S.C. § 552(b)(3) (FOIA Exemption 3 authorizes an agency to withhold requested records only if another statute specifically prohibits its disclosure).

| | | |
|---|---|---|
| 25. | NMFS has released photos of fish and wildlife bycatch on numerous occasions, including in response to prior Oceana FOIA requests and this FOIA request.<br><br>McVeigh Decl. Attach. 3 (noting release of photos from set gillnet fishery); Brock Decl. ¶¶ 9–12, Exs. 5–9. | Undisputed that NMFS has released photographs taken by observers deployed under the Marine Mammal Protection Act.<br><br>McVeigh Decl., ¶ 28. |

11

| | | |
|---|---|---|
| 25. Plaintiff's Response: In addition to releasing photographs of marine mammal bycatch, NMFS has released photos of fish and wildlife bycatch, which is relevant to the question of whether the records at issue in this case are confidential under the MSA and other applicable law. Brock Decl. ¶¶ 9–13, Exs. 5–10; McVeigh Decl. Attach. 3; Treece Decl. Exs. 7–8; 2nd Brock Decl. ¶¶ 2–3, 5–6, Exs. 1–2, 4–5. NMFS has previously released photos collected by observers deployed under the MSA. 2nd Brock Decl. ¶ 4, Ex. 3. NMFS has cited the MSA in its FOIA response letters releasing photos of fish and wildlife bycatch. *Id.* ¶¶ 3, 5, Exs. 1–2, 4. An observer deployed on a given vessel collects a variety of information on the fishery generally, to support the conservation and management of species under the MSA, MMPA, ESA, and other applicable laws. *Id.* ¶¶ 7–10, Exs. 6–8. | | |
| 26. | In response to past FOIA requests, NMFS has collected bycatch photos into one document and released that document. Brock Decl. ¶¶ 12–13, Exs. 9–10; Treece Decl. Exs. 7–8. | Undisputed that NMFS has released photographs taken by observers deployed under the Marine Mammal Protection Act. McVeigh Decl., ¶ 28. |
| 26. Plaintiff's Response: In addition to releasing photographs of marine mammal bycatch, NMFS has released photos of fish and wildlife bycatch, which is relevant to the question of whether the records at issue in this case are confidential under the MSA and other applicable law. Brock Decl. ¶¶ 9–13, Exs. 5–10; McVeigh Decl. Attach. 3; Treece Decl. Exs. 7–8; 2nd Brock Decl. ¶¶ 2–3, 5–6, Exs. 1–2, 4–5. NMFS has previously released photos collected by observers deployed under the MSA. 2nd Brock Decl. ¶ 4, Ex. 3. NMFS has cited the MSA in its FOIA response letters releasing photos of fish and wildlife bycatch. *Id.* ¶¶ 3, 5, Exs. 1–2, 4. An observer deployed on a given vessel collects a variety of information on the fishery generally, to support the conservation and management of species under the MSA, MMPA, ESA, and other applicable laws. *Id.* ¶¶ 7–10, Exs. 6–8. | | |

12

| 27. | NMFS acknowledges that the withheld photos include images of green sturgeon caught as bycatch in the California halibut trawl fishery.<br><br>McVeigh Decl. ¶ 38. | Undisputed that certain of the withheld photographs contain images of green sturgeon.<br><br>McVeigh Decl. ¶ 38 |
|---|---|---|
| 28. | The southern distinct population segment of green sturgeon this fishery captures as bycatch is listed as threatened under the ESA.<br><br>71 Fed. Reg. 17757 (Apr. 7, 2006); NMFS, *Southern Distinct Population Segment of North American Green Sturgeon(Acipenser medirostris), 5-Year Review: Summary and Evaluation* 30–31, 33 (2022), https://www.fisheries.noaa.gov/s3//2022-03/sdps-green-sturgeon-5-year-review-508.pdf (Treece Decl. Ex. 9) | This is not a material fact as to which there exists a genuine dispute necessary to be litigated in this FOIA case. L.R. 56-2. |

28. Plaintiff's response:

This is a material fact because it is relevant to the question of whether the records at issue in this case regarding the ESA-listed green sturgeon are specifically prohibited from release under the ESA. 5 U.S.C. § 552(b)(3) (FOIA Exemption 3 authorizes an agency to withhold requested records only if another statute specifically prohibits its disclosure).

In addition, this is a material fact because it is relevant to the purpose of the MSA to conserve public marine resources and manage fisheries in U.S. waters, and to the purpose of policy of the MSA to ensure meaningful public participation in fisheries conservation and management. 16 U.S.C. § 1801(b)(1), (b)(5), (c)(3); *id.* § 1802(11). Oceana sought the records at issue in this case to be able to meaningfully participate in fisheries conservation and management. Brock Decl. ¶¶ 5–8, 14.

The purpose and policy of the MSA are relevant to the question of whether the records at issue in this case fall within the scope of information specifically prohibited from release under the MSA. 5 U.S.C. § 552(b)(3) (FOIA Exemption

13

| | | | |
|---|---|---|---|
| | | 3 authorizes an agency to withhold requested records only if another statute specifically prohibits its disclosure). | |
| | 29. | The California halibut trawl fishery caught an estimated 288 to 664 green sturgeon annually from 2015 to 2019.<br><br>NMFS, *Observed and Estimated Bycatch of Green Sturgeon in 2002–19 U.S. West Coast Groundfish Fisheries* 21, NOAA Tech. Mem. NMFS-NWFSC-178 (May 2022) (Treece Decl. Ex. 10). | This is not a material fact as to which there exists a genuine dispute necessary to be litigated in this FOIA case. L.R. 56-2. |

29. Plaintiff's response:

This is a material fact because it is relevant to the question of whether the records at issue in this case regarding the ESA-listed green sturgeon are specifically prohibited from release under the ESA. 5 U.S.C. § 552(b)(3) (FOIA Exemption 3 authorizes an agency to withhold requested records only if another statute specifically prohibits its disclosure).

In addition, this is a material fact because it is relevant to the purpose of the MSA to conserve public marine resources and manage fisheries in U.S. waters, and to the purpose of policy of the MSA to ensure meaningful public participation in fisheries conservation and management. 16 U.S.C. § 1801(b)(1), (b)(5), (c)(3); *id.* § 1802(11). Oceana sought the records at issue in this case to be able to meaningfully participate in fisheries conservation and management. Brock Decl. ¶¶ 5–8, 14.

The purpose and policy of the MSA are relevant to the question of whether the records at issue in this case fall within the scope of information specifically prohibited from release under the MSA. 5 U.S.C. § 552(b)(3) (FOIA Exemption 3 authorizes an agency to withhold requested records only if another statute specifically prohibits its disclosure).

| | | | |
|---|---|---|---|
| | 30. | NMFS has long held that observer information associated with incidental take of threatened and endangered species is not confidential because it does not disclose the identity or business of any person. | This is not a material fact as to which there exists a genuine dispute necessary to be litigated in this FOIA case, but |

14

| | | |
|---|---|---|
| | Email from Ned Cyr, Dir., Off. of Sci. & Tech., to NMFS Science Directors et al., Re: Data Aggregation and Summarization Guidelines (July 2, 2009) (Treece Decl. Ex. 11). | simply Plaintiff's mischaracterization of an unauthenticated email from 2009. |

30. Plaintiff's Response:

The 2009 Cyr email concerns generally the release of observer information and information submitted under the MSA. This is a material fact because it is relevant to the question of whether the records at issue in this case regarding the ESA-listed green sturgeon are specifically prohibited from release under the ESA. 5 U.S.C. § 552(b)(3) (FOIA Exemption 3 authorizes an agency to withhold requested records only if another statute specifically prohibits its disclosure).

In addition, this is a material fact because it is relevant to the purpose of the MSA to conserve public marine resources and manage fisheries in U.S. waters, and to the purpose of policy of the MSA to ensure meaningful public participation in fisheries conservation and management. 16 U.S.C. § 1801(b)(1), (b)(5), (c)(3); *id.* § 1802(11). Oceana sought the records at issue in this case to be able to meaningfully participate in fisheries conservation and management. Brock Decl. ¶¶ 5–8, 14.

The purpose and policy of the MSA are relevant to the question of whether the records at issue in this case fall within the scope of information specifically prohibited from release under the MSA. 5 U.S.C. § 552(b)(3) (FOIA Exemption 3 authorizes an agency to withhold requested records only if another statute specifically prohibits its disclosure).

The Court should deem this fact as admitted because, under Local Rule 56-4, "the Court may assume that the material facts as claimed and adequately supported by the moving party are admitted to exist without controversy except to the extent that such material facts are (a) included in the Statement of Genuine Disputes and (b) controverted by declaration or other written evidence filed in opposition to the motion." L.R. 56-4.

| | | |
|---|---|---|
| 31. | NMFS has released observer photos depicting fisheries' bycatch of threatened and endangered species in the past.<br><br>Brock Decl. ¶¶ 11–12, Exs. 7–9. | This is not a material fact as to which there exists a genuine dispute necessary to be |

| | | |
|---|---|---|
| | | litigated in this FOIA case. L.R. 56-2. |
| 31. Plaintiff's Response: <br><br> This is a material fact because it is relevant to the question of whether the records at issue in this case regarding the ESA-listed green sturgeon are specifically prohibited from release under the ESA. 5 U.S.C. § 552(b)(3) (FOIA Exemption 3 authorizes an agency to withhold requested records only if another statute specifically prohibits its disclosure). <br><br> In addition, this is a material fact because it is relevant to the purpose of the MSA to conserve public marine resources and manage fisheries in U.S. waters, and to the purpose of policy of the MSA to ensure meaningful public participation in fisheries conservation and management. 16 U.S.C. § 1801(b)(1), (b)(5), (c)(3); *id.* § 1802(11). Oceana sought the records at issue in this case to be able to meaningfully participate in fisheries conservation and management. Brock Decl. ¶¶ 5–8, 14. <br><br> The purpose and policy of the MSA are relevant to the question of whether the records at issue in this case fall within the scope of information specifically prohibited from release under the MSA. 5 U.S.C. § 552(b)(3) (FOIA Exemption 3 authorizes an agency to withhold requested records only if another statute specifically prohibits its disclosure). | | |

Respectfully submitted this 29th day of August, 2025.

／s/ *Rumela Roy*
Rumela Roy (CA Bar No. 319692)
EARTHJUSTICE
1125 17th Street, Suite 1010
Denver, CO 80202
303-996-9623 Telephone
rroy@earthjustice.org

Andrea A. Treece (CA Bar No. 237639)
EARTHJUSTICE
180 Steuart St. #194330
San Francisco, CA  94105
415-217-2000 Telephone

atreece@earthjustice.org

*Counsel for Plaintiff*

17